## Illinois Central Railroad Company v. Olive S. Case, Administratrix of Lucius M. Case.

1. NEGLIGENCE—*Burden of Proof.*—It is incumbent upon an administratrix, suing for damages sustained by reason of the death of her husband, alleged to have been caused by the negligence of a railroad company, to prove such negligence by a preponderance of the evidence.

Memorandum.—Action for damages. Death from negligent act. In the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR,

I. C. R. R. Co. v. Case.

Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and reversed with a finding of facts. Opinion filed December 13, 1894.

WHEELER & HUNTER, attorneys for appellant.

C. A. LAKE, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellee to recover damages for the killing of her husband, at a crossing of appellant's railroad in the city of Kankakee.

The declaration contains two counts. The first charges that while the deceased was driving with a horse and wagon upon a highway crossing over appellant's railroad, the servants of appellant in charge of one of its locomotive engines and train of cars negligently ran upon the horse and overturned the wagon, whereby the deceased was thrown from the wagon and killed. The second count charges negligence in failing to perform the statutory duty of ringing a bell or sounding a whistle, continuously, for eighty rods before reaching the crossing, whereby the cars came upon the horse without warning and frightened him, and the horse, to avoid destruction, wheeled suddenly around and overturned the wagon, thereby throwing deceased upon the ground with such violence as to kill him. There was a recovery for $3,500.

The evidence shows that the deceased, in company with his daughter, was driving one horse attached to a light wagon and approached the crossing just after a train going south had passed. A switch engine was at the time engaged in picking up some passenger cars. It had just coupled onto two cars and was backing north toward the crossing as the deceased was in the act of driving upon it. It was dark and on the end of the coach nearest the crossing stood a brakeman with a light in his hand. The train was not moving faster than two miles per hour. As soon as the brakeman saw the deceased he called upon him to stop and signaled the engineer to stop. The engineer applied the air

brakes and the cars stopped almost immediately. The horse, being a young one, became frightened, wheeled around and threw the deceased out with such violence that injuries were sustained which resulted in his death that night. There was no evidence whatever that the horse was struck by the car. He was several feet away from it when he turned. The proof is overwhelming that the bell was rung continuously from the time the engine started until it stopped.

The record is barren of any proof in support of the first count of the declaration, and the meager proof upon the point of appellee in support of the second is so completely overcome by the testimony offered in behalf of appellant that we can not allow the judgment to stand.

Two of appellee's instructions are erroneous, because not applicable to the pleadings, but we prefer to reverse the judgment upon the ground that no negligence of appellant was shown. The case will not be remanded. Judgment reversed.

FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT OF THIS COURT.

The court finds that the defendant in the court below was guilty of no negligence which contributed to the death of Lucius M. Case, Jr., plaintiff's intestate, and that the plaintiff has no cause of action against the defendant.